**STATE of Missouri, Respondent,**

v.

**Gus SMITH, Appellant.**

**No. 64205.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 10, 1994.

Tamara Detloff, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John R. Watson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals after a jury convicted him of second degree burglary. We affirm.

Defendant was charged by information with second degree burglary in violation of § 569.170, RSMo 1986. The case proceeded to trial on May 19, 1993. Viewed in the light most favorable to the verdict, the following evidence was adduced at trial: On October 16, 1992, at approximately 3 p.m., Abe Gilmore heard yelling outside his home in the 1500 block of East Gano. When he looked out his front door, he saw Defendant and another man crossing the street at a very fast pace. Gilmore saw the two men walk up to the house next door and heard them tell his neighbor to call the police because someone was trying to shoot them. Defendant then ran up to Gilmore's house and asked Gilmore to call the police because someone was trying to kill him. Gilmore pushed Defendant back and refused to let Defendant enter his home. However, Gilmore did call the police as Defendant requested, although he did not see anyone chasing Defendant. After leaving Gilmore's house, Defendant ran across the street to the Davis home at 1516 East Gano, kicked the door open, and went inside.

Police officers Derek Peterson and Vaughn Moore received a call to go the 1500 block of East Gano. When the officers arrived at the scene, they saw the front door of the house

at 1516 East Gano was open and pieces of wood from the door frame were on the floor. The officers walked inside the home and saw Defendant coming around the corner carrying a television set and a camera. When the officers asked Defendant what he was doing, he replied, "Nothing, man." The inside of the house was ransacked and various items had been placed in a pile near the front door.

On appeal, Defendant alleges the trial court erred in overruling his motion for acquittal because there was insufficient evidence for the jury to find. he unlawfully entered the home at 1516 East Gano for the purpose of committing the crime of stealing. We disagree.

In reviewing the sufficiency of the evidence to support a conviction, we consider all evidence in the light most favorable to the verdict. *State v. O'Brien,* 857 S.W.2d 212, 215–16[5] (Mo. banc 1993). Thus, we consider as true all evidence favorable to the State, along with all reasonable inferences therefrom, and we ignore all inference to the contrary. *Id.* The only question is whether a reasonable juror could have found Defendant guilty beyond a reasonable doubt. *Id.* at 215[4]. Further, the credibility of the witnesses and the weight to be given to their testimony is an issue for the jury and is not subject to review on appeal. *State v. Ek,* 834 S.W.2d 828, 831[4, 5] (Mo.App.1992).

■ Section 569.170, RSMo 1986, defines second degree burglary by stating:

A person commits the crime of burglary in the second degree when he *knowingly enters unlawfully or knowingly remains unlawfully* in a building or inhabitable structure for the purpose of committing a crime therein.

Further, § 569.010(8), RSMo 1986, states a person enters unlawfully or remains unlawfully in or upon another person's premises "when he is not licensed or privileged to do so." Sufficient evidence was presented for a reasonable juror to find Defendant knowingly entered the Davis home unlawfully. Davis testified Defendant did not have permission to enter the home. Gilmore testified he observed Defendant kick in the front door of the Davis home and go inside. He stated,

although he called the police after Defendant came to his door and said, "an individual or someone is trying to kill me," he never saw anyone chasing the Defendant. Officer Moore testified he investigated Defendant's claim that someone was chasing him and concluded it was a ploy used to gain entry to homes that were vacant.

■ There was also sufficient evidence from which a reasonable juror could have found Defendant entered the Davis residence for the purpose of committing the crime of stealing therein. Officers Peterson and Moore testified they observed Defendant inside the Davis home carrying a television and a camera into the living room. They also saw other items piled near the front door. They stated they asked Defendant what he was doing, and he gave no indication he was seeking refuge from an assailant. The trial court did not err in overruling Defendant's motion for acquittal. *See, State v. Gillespie,* 805 S.W.2d 690, 692[2] (Mo.App.1991) (holding there was sufficient evidence to support defendant's burglary conviction where police saw him exiting the residence and he had the victim's television remote control in his possession). Point denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.